UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Wayne Eddington, #15729-171, | C/A No. 8:10-1108-RBH-BHH |
| Plaintiff, | |
| v. | |
| US Marshal Service;<br>Unknown Agents of Federal Bureau, | Report and Recommendation |
| Defendants. | |

The Plaintiff, Timothy Wayne Eddington (Plaintiff), proceeding *pro se*, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff is an inmate at the Medical Center for Federal Prisoners in Springfield, Missouri, a facility of the Bureau of Prisons (BOP). Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a federal agency and federal employees as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he was taken into the United States "Marshal Service's custody in October 2007" and was "placed at Columbia Care Center in S.C. for medical reasons." (Complaint, page 3). Plaintiff indicates that he had three major surgeries while housed at the Columbia Care Center. Plaintiff developed Methicillin-resistant Staphylococcus aureus ("MRSA") after each of the operations. Plaintiff states that he spoke to unidentified employees of the U.S. Marshals Service about his medical concerns on two occasions while attending court hearings. The Marshals Service employees informed Plaintiff that, due to his placement in federal custody, he did not have a choice regarding his medical provider. Thus, Plaintiff alleges that the Defendants allowed Plaintiff to undergo negligent medical treatment.

Plaintiff also complains that the Marshals Service subsequently transferred him to the United States Penitentiary (USP) Hazelton, rather than a federal medical center. Plaintiff states that, because of the negligent actions of the Defendants, Plaintiff has had to undergo three additional surgeries to "fix" the damage caused by the surgeon at the Columbia Care Center. (Complaint, page 4). Plaintiff seeks monetary damages for the "negligen[t] actions of the U.S. Marshals." (Complaint, page 5).

## Discussion

Plaintiff is bringing suit against a federal agency and unidentified federal employees. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named*

3

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14,18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). This is the second *Bivens* action, filed by Plaintiff in this Court, asserting claims of negligent medical treatment while housed at the Columbia Care Center. *See Timothy Wayne Eddington v. Eldon Wyatt, et al.*, Civil Action No. 8:09-2669-RBH-BHH (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). Therefore, the Court takes judicial notice of Civil Action No. (C/A No.) 8:09-2669.

Although Plaintiff named different Defendants in C/A No. 8:09-2669, the pleading in that case contained allegations similar to those raised in the instant complaint. As in Plaintiff's present action, the complaint, in C/A No. 8:09-2669, claimed that Plaintiff developed Methicillin-resistant Staphylococcus aureus ("MRSA") after each of the three operations performed while he was an inmate at the Columbia Care Center. On December 10, 2009, the undersigned Magistrate Judge issued a Report and Recommendation, recommending summary dismissal of C/A No. 8:09-2669. Plaintiff filed objections to the Report and Recommendation on January 11, 2010. However, on January 12, 2010, an Order was issued by the Honorable R. Bryan Harwell, which addressed Plaintiff's objections and adopted the Report and Recommendation, dismissing the complaint without

4

prejudice. The instant action is also subject to summary dismissal for essentially the same reasons discussed in C/A No. 8:09-2669.

As an initial matter, Plaintiff names one Defendant, the U.S. Marshals Service, which is immune from suit. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)(declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998)(federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995)("*Bivens*- type claims cannot be brought against federal agencies"); *Edwards v. Fifth Circuit Court of Appeals*, No. 3:02-CV-0976-D, 2003 WL 21500434 at *3 (N.D. Tex. April 23, 2003)("Plaintiff can obtain no relief under *Bivens* against a federal court"). As Defendant U.S. Marshals Service is a federal agency protected by sovereign immunity, this Defendant is entitled to summary dismissal from the instant action.

Plaintiff also names several unidentified or "unknown" agents of the Federal Bureau as Defendants in this case. Plaintiff claims the Defendants acted negligently in allowing a surgeon to operate on the Plaintiff while he was housed at the Columbia Care Center. However, as stated in the Report and Recommendation issued in C/A No. 8:09-2669, it is a well-settled rule of law that claims of negligence or medical malpractice do not support an action for damages in a civil rights action. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Furthermore, the Court of Appeals for the

5

Fourth Circuit has explicitly declined to extend *Bivens* to provide a right of action to an inmate who has an adequate state court remedy, *Holly v. Scott*, 434 F.3d 287, 295-96 (4th Cir.2006), and an inmate raising claims of negligence can file a negligence or malpractice action in a South Carolina Court of Common Pleas. *See e.g.*, *McNight v. South Carolina Dept. of Corrections*, 385 S.C. 380, 684 S.E.2d 566 (2009)(medical malpractice); *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993)(legal malpractice); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991)(legal malpractice) . As the Plaintiff in this case has an adequate state court remedy of which he may avail himself, his *Bivens* claim based on negligent medical treatment must fail.

Finally, it is noted that, liberally construed, Plaintiff could be attempting to state a claim of deliberate indifference to medical needs. With respect to medical care, a prisoner in a civil rights case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Further, not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. *See also Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice"). In *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant. In the instant case, Plaintiff indicates that he underwent three surgeries while incarcerated at the Columbia Care Center. Although Plaintiff is unhappy

6

with the results of the treatment provided, he clearly received medical treatment for his abdominal issues.  As such, Plaintiff's factual allegations do not rise to the level of deliberate indifference to medical needs.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

                                          s/Bruce Howe Hendricks
                                          United States Magistrate Judge

May 27, 2010
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).